IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JANETTE NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No._____ |
| | ) Judge _____ |
| LOWE'S HOME CENTERS, INC., | ) JURY DEMAND |
| | ) |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff who sues the Defendant and for cause of action would show unto this Honorable Court as follows:

1. Plaintiff, Janette Nelson, is a citizen and resident of Seymour, Sevier County, Tennessee.

2. Defendant, Lowe's Home Centers, Inc. is a foreign corporation authorized to do and is doing business in Tennessee, with its principal place of business at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697, and may be served with process through its Registered Agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

3. The Defendant is an employer subject to the provisions of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*

4. Defendant is an employer subject to the provisions of the Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq.*

1

5. Jurisdiction is based on a federal question arising under 29 U.S.C. § 621, *et seq.*, and is proper pursuant to 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction 28 U.S.C. § 1367. Venue is proper under the code provisions cited herein, as well as the general venue provisions of 28 U.S.C. § 1391.

6. Defendant, Lowe's Home Centers, Inc., is an employer engaging in an industry affecting commerce, and employs more than twenty (20) regular employees.

7. Plaintiff's date of birth is             , 1937, and she was seventy-three (73) years old at the time of her termination.

8. Plaintiff was first hired to work by the Defendant on November 3, 1992 as a Return Desk CSA (Customer Service Associate).

9. At all times material hereto, Plaintiff was fully qualified for the position of CSA.

10. At all times during her employment, Plaintiff performed her job duties in a competent and satisfactory manner.

11. During her employment, Plaintiff received good evaluations and raises.

12. At the time of her termination, Plaintiff was supervised by Chris Lane, Store Manager at Defendant's Chapman Highway, Knoxville, Tennessee location.

13. At all times material hereto, Chris Lane was an agent and employee of Defendant.

14. At all times material hereto, Chris Lane had the authority to discipline and terminate the Plaintiff.

15. Plaintiff alleges that after Chris Lane became Manager, he gave favorable treatment to the younger employees and she began being written up for trumped up reasons and/or for actions that other, younger employees were not written up or disciplined for.

16. On or about February 11, 2011, despite her years of dedicated service, Plaintiff was advised by Chris Lane, Store Manager, that she was terminated due to performance issues.

17. After being terminated, Plaintiff's job duties were assigned to a younger, less experienced employee.

18. Plaintiff alleges that the reason given by Defendant for her termination is pretextual and the true reason for Plaintiff's termination was due to her age and Defendant's desire to employ a younger workforce.

19. Following her termination, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 2, 2011. (A copy of said Charge is attached hereto and incorporated herein as Exhibit 1).

20. Sixty (60) days has passed since the filing of this Charge on September 2, 2011 and therefore Plaintiff has satisfied all administrative requirements prior to filing this action and this suit is timely filed.

21. Plaintiff alleges that the conduct of Defendant's agents and employees constitutes age discrimination in violation of the ADEA, 29 U.S.C. § 621, *et seq.*, and the Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq.*

22. Defendant is responsible and liable for the actions of its agents and employees under the doctrine of *respondeat superior* and under agency principles.

23. As a result of Defendant's conduct, the Plaintiff has lost tangible job benefits including a loss of income and benefits, both past and future, including front pay, and has suffered and will continue to suffer irreparable injury, emotional distress, humiliation and embarrassment, and other pecuniary losses as a direct result of Defendant's illegal actions.

24. The actions of the Defendant, as set forth herein, were willful and reckless such as to justify the imposition of liquidated damages.

WHEREFORE, Plaintiff prays for the following relief:

1. Compensatory damages, including front pay, (or in the alternative reinstatement if the Court deems it appropriate), and liquidated damages.

2. Prejudgment interest.

3. Reasonable attorney's fees.

4. The costs of this action.

5. A jury to try this cause.

6. Appropriate injunctive relief.

RESPECTFULLY SUBMITTED this __10th__ day of February, 2012.

**BURKHALTER, RAYSON & ASSOCIATES, P.C.**

/s/ Ronald A. Rayson
David A. Burkhalter, II, BPR #004771
Ronald A. Rayson, BPR #013393
Attorneys for Plaintiff
111 S. Central Street
P.O. Box 2777
Knoxville, TN 37901-2777
(865) 524-4974